FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRINA S.,<br><br>       Plaintiff,<br><br>       v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY<br><br>       Defendant. | No. 1:19-CV-03224-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney D. James Tree represents Terrina S. (Plaintiff); Special Assistant United States Attorney Franco Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for an immediate calculation of benefits pursuant to 42 U.S.C. § 405(g).

# JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 20, 2012, alleging disability since February 20, 2012, due to fibromyalgia, insomnia, anxiety, and depression. Tr. 79. The applications were denied initially and upon reconsideration. Tr. 129-37, 139-50. Administrative Law Judge (ALJ) Virginia Robinson held a hearing on April 2, 2014, Tr. 39-76, and issued an unfavorable decision on October 21, 2014, Tr. 19-34. Plaintiff requested review from the Appeals Council. Tr. 298-99. The Appeals Council denied Plaintiff's request for review on March 30, 2016. Tr. 1-6. Plaintiff filed an action with this court on April 14, 2016. Tr. 670. On August 15, 2017, this court remanded the claim for further proceedings. Tr. 669-83.

ALJ Robinson held a remand hearing on March 12, 2019, Tr. 537-69, and issued a second unfavorable decision on July 3, 2019, Tr. 496-514. Plaintiff did not file written exceptions with the Appeals Council and the Appeals Council did not take its own review of the decision; the ALJ's July 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 494. Plaintiff filed this action for judicial review on September 20, 2019. ECF No. 1.

# STATEMENT OF FACTS

Plaintiff was born in 1972 and was 39 years old as of her alleged onset date. Tr. 512. She graduated from high school and cosmetology school. Tr. 317, 557. Her work history has consisted of beautician work, apple packing, and waitressing. Tr. 70. She stopped working as a waitress in 2012 due to pain and fatigue. Tr. 45-46, 547-48. She has been diagnosed with fibromyalgia, and gastrointestinal problems, and has developed significant mental health symptoms related to her persistent pain.

///

///

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the

claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On July 3, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 499.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, fibromyalgia, gastrointestinal disorder, affective disorders, anxiety disorders, and somatoform disorders. Tr. 500.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 501-03.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion level work with the following limitations:

> Frequent balancing and stooping, occasional kneeling, crouching, and climbing ramps and stairs, and no crawling or climbing ladders, ropes, and scaffolds. She can frequently reach overhead. Handling (gross manipulation), fingering (fine manipulation), and feeling (skin receptors) with the left upper extremity is limited to frequent. She needs to avoid concentrated exposure to excessive vibration and hazards such as working with dangerous machinery and working at unprotected heights. She can sustain attention for 2 hours at a time

and perform routine tasks in a routine, predictable work environment with simple work-related decisions.

Tr. 503.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a restaurant server, kitchen helper, short order cook, and cosmetologist. Tr. 511-12.

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of production line solderer, electrical accessories assembler, marker, hand packager, and bakery worker conveyor line. Tr. 512-13.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 513-14.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's subjective testimony; and (2) improperly evaluating medical opinion evidence.

## DISCUSSION

**1.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 13 at 8-13.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231

(9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely reliable. Tr. 504. The ALJ went on to discuss a number of factors that she found undermined Plaintiff's allegations. Tr. 504-08.

The ALJ adopted the same analysis regarding Plaintiff's subjective allegations as she wrote in the prior decision issued in 2014. *Compare* Tr. 504-07 *with* Tr. 27-29. Each of the reasons was already found to be insufficient by this court in the prior action. Tr. 673-78. The "law of the case" doctrine prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case, primarily in the name of efficiency.  *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).  The rule of mandate is similar to, but broader than, the law of the case doctrine.  The rule provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Id.* at 567-68.  In *Stacy*, the Ninth Circuit held that both of these appellate principles apply in the Social Security context. *Id.* at 567. The ALJ ignored the order from this court that the rationale provided for discrediting Plaintiff was not clear and convincing. Tr. 678.

Furthermore, the ALJ failed to discuss any of the evidence submitted to the file after the 2014 hearing, much of which contradicts the findings that were already deemed insufficient.

The only additional analysis the ALJ added related to Plaintiff's activities and work after the alleged onset date. Tr. 507-08. While phrased in a slightly different manner, the ALJ cited to the same activities that this Court previously found did not conflict with Plaintiff's testimony. Tr. 677. Furthermore, the minimal work activities identified by the ALJ do not demonstrate any inconsistency with Plaintiff's alleged limitations. Tr. 499. The ALJ found this work did not amount to substantial gainful activity and did not identify any actual work activity that conflicted with Plaintiff's alleged limitations. *Id.*

The Commissioner offers no defense of the ALJ's failure to follow the directives of this court, and instead included verbatim recitations of the ALJ's reasoning that this court already deemed to be insufficient. *Compare* Tr. 504-08 *with* ECF No. 14 at 3-14. The Court therefore finds the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective complaints.

**2.      Medical Opinion Evidence**

Plaintiff asserts the ALJ improperly evaluated the medical opinion evidence by offering insufficient reasons for rejecting the opinions from Drs. Schneider and Reinmuth and a number of non-acceptable sources. ECF No. 13 at 13-21.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her]

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### a. Dr. Reinmuth

Plaintiff's treating doctor, Scott Reinmuth, completed medical source statements in 2017 and 2018 indicating Plaintiff's conditions included chronic abdominal pain, reduced gastric emptying, fibromyalgia, bilateral ulnar neuropathy, insomnia, anxiety, depression, and chronic neck pain. Tr. 1359-60, 2164-65. He indicated she needed to lie down or recline throughout the day for multiple hours and that working would cause her conditions to deteriorate and would aggravate her symptoms. *Id.* He opined Plaintiff would miss four or more days of work per month, and had been impaired at that level since 2011. *Id.*

The ALJ gave these opinions little weight, finding the statements to be generalized and lacking explanation for why Plaintiff would miss so much work, and not containing functional limitations. Tr. 510. The ALJ further reasoned the opinions were apparently based on Plaintiff's "subjective insistence that she cannot work," and found the opinions unsupported by the treatment notes or the medical evidence of record. *Id.*

Plaintiff argues the opinions do contain functional limits that are explained, and the ALJ's discussion lacked the necessary specificity. ECF No. 13 at 17-19. Plaintiff further argues the opinion regarding missed days is consistent with the other opinions in the record that indicate Plaintiff would have difficulty working consistently. *Id.* at 19. Defendant argues the ALJ properly summarized and interpreted the evidence in the file, including Dr. Reinmuth's records, and that the extreme limits are not supported by the treatment notes. ECF No. 14 at 16-17.

1  Defendant further asserts the opinions are generalized and lacking in explanation.
2  *Id.*
3      The Court finds the ALJ failed to offer specific and legitimate reasons for
4  discounting Dr. Reinmuth's opinions. The forms indicate specific functional
5  limitations, including missed days and needing to recline throughout the day,
6  especially if she were working a full-time job, which would exacerbate her
7  symptoms. Tr. 1359-60, 2164-65.
8      While an ALJ may discount a medical opinion that is "based to a large
9  extent on a claimant's self-reports that have been properly discounted as
10  incredible," *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008), there must
11  be some evidentiary basis for such a conclusion. *Ghanim v. Colvin*, 763 F.3d 154,
12  1162 (9th Cir. 2014). Dr. Reinmuth listed objective testing that supported the
13  diagnoses and he had a treatment relationship with Plaintiff extending back to mid-
14  2015. Tr. 1044. Despite listing the exhibits that contained Dr. Reinmuth's
15  treatment notes, the ALJ failed to cite to a single record of Dr. Reinmuth's
16  treatment, or any other contemporaneous records, that undermined the opinions.
17  Dr. Reinmuth consistently noted Plaintiff to present with pain, gastrointestinal
18  issues, and mental health problems, and frequently started and stopped various
19  medications due to side effects and efficacy problems. Tr. 1044, 1049, 1260, 1276,
20  1279, 1300, 1352, 1637, 1641, 1662, 1677, 1686, 1697, 2091.
21      Therefore, the ALJ failed to offer specific and legitimate reasons for
22  discounting Dr. Reinmuth's opinions.
23      ### b. Dr. Schneider
24       Plaintiff attended a psychological exam with Dr. Leslie Schneider in April
25  2014 in connection with her pain management. Tr. 403-08. Dr. Schneider opined
26  Plaintiff was unable to maintain any kind of regular schedule at all, even part time,
27  as she was suffering too much, and thus stated he did not think she was employable
28  at the time. Tr. 404. He recommended she contact vocational rehabilitation to try to

1  get back to some work if she was unable to get on Social Security disability. Tr.
2  407.
3      The ALJ gave this opinion little weight, noting the doctor did not explain his
4  statement that Plaintiff was unable to maintain a regular schedule and did not
5  define her functional limitations. Tr. 509. The ALJ further found the opinion
6  internally inconsistent given Dr. Schneider's recommendation that Plaintiff contact
7  vocational rehabilitation, and found the opinion to be unsupported by the
8  longitudinal medical record. *Id.*
9      Plaintiff argues the opinion is self-explanatory, in that Dr. Schneider did not
10 believe Plaintiff was capable of maintaining a regular work schedule based on her
11 physical and mental suffering. ECF No. 13 at 14. She further argues that there was
12 no inconsistency between the opinion and the recommendation to consult
13 vocational rehabilitation because the doctor was not sure Plaintiff could even be
14 helped by the department, and also noted that if she could not, that would help
15 strengthen her claim for disability. *Id.* Finally, Plaintiff argues the ALJ's general
16 rejection of the opinion as inconsistent with the longitudinal record was not
17 specific enough. *Id.* at 15. Defendant argues the ALJ's rationale is supported by
18 substantial evidence and the lack of explanation or specific functional limits was a
19 specific and legitimate basis to reject the opinion. ECF No. 14 at 15-16.
20     The Court finds the ALJ's rationale is not specific and legitimate. Dr.
21 Schneider's opinion that Plaintiff was unable to maintain a regular work schedule
22 was a concrete limitation, specifically rooted in her physical and mental suffering.
23 The Court finds no inconsistency in the doctor's statement that Plaintiff should
24 consult vocational rehabilitation. The context of the recommendation makes it
25 clear that Dr. Schneider was uncertain that the referral would gain Plaintiff
26 anything, and specifically noted that he believed it would serve as a backup or
27 additional evidence if her disability claim was denied. Tr. 407. Finally, the ALJ
28 failed to cite to any longitudinal evidence that was unsupportive of Dr. Schneider's

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

opinion. The ALJ failed to discuss the vast majority of the mental health treatment records at all, most of which were added to the file following the previous remand order. Tr. 1128 (therapy with Dr. Beachy beginning in early 2015); 1208 (counseling with Comprehensive Healthcare beginning late 2015); 1605 (therapy with Dr. Corcoran as part of pain management beginning 2017). Plaintiff's extensive mental health care over the following years addressed her depression and anxiety and their close link to her physical health problems, along with her eventual diagnosis of borderline personality disorder. Tr. 1258, 1401, 1564, 1581, 1717-18, 1773. She consistently presented with depressed or sad mood and anxious and emotional affect, with impaired insight and judgment and thoughts of self-harm. Tr. 319, 1244-45, 1258, 1341, 1395, 1411, 1432, 1474, 1798-99, 1814. The ALJ's conclusion that Dr. Schneider's opinion is unsupported by the longitudinal record is not supported by substantial evidence.

### c. Ms. Joachims

Plaintiff's treating counselor Candy Joachims completed a medical source statement in March 2017 commenting on Plaintiff's abilities in numerous work-related functional areas, noting she had moderate limitations[1] in her ability to remember locations and work-like procedures, carry out detailed instructions, make simple work-related decisions, complete a normal work-day and workweek without interruptions from psychologically-based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, respond appropriately to changes in the work setting, set realistic goals and plans, interact with others, and concentrate, persist, and maintain pace. Tr. 1355-57. She

---

[1] The form defined "moderate" as "significant interference with basic work-related activities, i.e., unable to perform the described mental activity for at least 20% of the work day up to 33% of the workday." Tr. 1355.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

also opined Plaintiff would be off-task over 30% of the time and would be absent four or more days per month. Tr. 1357.

The ALJ gave this opinion partial weight, noting the mild and moderate limits were consistent with the treatment records and the medical evidence as a whole, but finding the limitations on productivity and attendance were "wholly out of proportion to the treatment evidence." Tr. 509-10. The ALJ further found Ms. Joachims offered no explanation for the extreme limits while also finding Plaintiff only mildly to moderately limited. Tr. 510.

Plaintiff argues the ALJ erred in giving significant weight to the moderate limitations without including greater restrictions in the RFC, given the definition of moderate on the form. ECF No. 13 at 15-16. She further argues the ALJ failed to identify any inconsistency between the mild and moderate limitations and the other assessed limits, and instead argues that they are consistent. *Id.* at 16-17. Defendant argues the ALJ properly summarized and interpreted the evidence, and adequately accounted for the mild and moderate limits in the RFC by limiting Plaintiff to simple routine work, and thus did not err. ECF No. 14 at 17-19.

The Court finds the ALJ erred in her discussion. In giving significant weight to the moderate limitations, but failing to account for them in the RFC, the ALJ effectively rejected them. The limit to routine predictable work with simple decisions does not account for all of the moderate limits Ms. Joachims noted, given how moderate was defined on the form. Tr. 1355. In the context of being unable to perform the activities for 20-33% of the workday, the moderate limitations are not inconsistent with her other opinions regarding time off-task and absenteeism. Furthermore, the ALJ failed to identify any evidence that was "wholly out of proportion" with the assessed limitations. The ALJ therefore failed to give germane reasons for rejecting Ms. Joachims' opinion.

///

///

### d. Work First forms

Throughout the relevant period, a number of Plaintiff's treating providers completed documentation for the State Work First program, certifying Plaintiff's disability. Tr. 1760-62 (Ms. Damstedt, 2016), 1765-67 (Ms. Joachims, 2017), 1768-70 (Ms. Baker, 2018). Each of the sources opined Plaintiff had major depressive disorder, with Ms. Joachims also noting pain disorder with psychological factors, and each stated Plaintiff was capable of no more than 10 hours of work-related activities per week. *Id.* Ms. Damstedt also opined Plaintiff was limited to sedentary level work. Tr. 1761.

The ALJ addressed these opinions together and gave them all little to no weight. Tr. 510. She found the sources all failed to offer specific functional limitations and did not provide corroborating treatment records in support of the statements on the forms. *Id.*

Plaintiff argues the forms do contain specific limitations, and even though the treatment records were not sorted in the file with the forms, the record contains numerous treatment records from the sources. ECF No. 13 at 19-21. Defendant argues the ALJ was not required to accept the opinions at face value and the lack of explanation on the forms is a germane factor the ALJ may consider. ECF No. 14 at 19-20.

The Court finds the ALJ failed to offer germane reasons for rejecting the opinions. Each form contains a discussion of Plaintiff's symptoms and an opinion regarding the number of hours she was capable of engaging in work-related activities. Therefore, the ALJ's finding that the sources failed to offer specific functional limitations is incorrect. As to the corroborating treatment records, the file contains many records from these sources. Plaintiff was in counseling with Ms. Damstedt from May 2016 through February 2017 (Tr. 1224, 1461), with Ms. Joachims from March 2017 to July 2018 (Tr. 1456, 1814), and with Ms. Baker beginning in October 2018 (Tr. 1783). The Work First forms appear in the record

in a section of documentation provided by the State Department of Social and Health Services. Tr. 1758-72. Though the supporting treatment records were not sorted in the file with the forms, the record does contain treatment records from each of these sources. Therefore, the ALJ's reasoning was incorrect.

## REMEDY

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the record is adequate for a proper determination to be made and further development is not necessary.

The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison*, 759 F.3d at 1020.

In this case, all three parts of the standard are met. The record has been fully developed in terms of available medical records, with extensive evidence spanning over seven years. The ALJ failed to provide legally sufficient reasons to reject multiple medical opinions regarding Plaintiff's functioning, and failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom complaints, despite being given a second opportunity to do so. Each of the improperly rejected medical opinions opined Plaintiff would be unable to maintain

a regular full-time schedule or would be off-task or absent at an unemployable level. Plaintiff testified she was constantly in pain, needing to recline or nap for a large percentage of the day. The vocational expert testified that an individual who was absent more than eight times in a year, needed to recline during the day, or needed additional breaks outside of the norm would not be able to maintain employment. Tr. 563-65.  If any of the improperly rejected evidence were credited as true, the ALJ would be required to find Plaintiff eligible for benefits at step five of the sequential evaluation process.

The Court also notes that the medical opinions and Plaintiff's testimony are all consistent with each other. The medical records reflect consistent reports of pain and mental health impairments consistent with the improperly rejected evidence. Defendant argues the medical evidence and Plaintiff's lack of credibility raise serious doubts as to whether she is disabled. ECF No. 14 at 21. However, Defendant identifies no specific evidence that raises "serious doubt" as to Plaintiff's disability. *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).

Finally, the Court notes that the exceptional circumstances of this case, while not controlling, strengthen the case for an immediate calculation of benefits. This claim has been pending for eight years, having been previously remanded by this court for correction of errors the ALJ failed to correct. The errors here are precisely those the Ninth Circuit has identified as part of the justification for the credit-as-true rule:

> [I]t avoids unnecessary duplication in the administrative hearings and reduces the administrative burden caused by requiring multiple proceedings in the same case. Perhaps most important, by ensuring that credible claimants' testimony is accepted the first time around, the rule reduces the delay and uncertainty often found in this area of the law, and ensures that deserving claimants will receive benefits as soon as possible. As already noted, applicants for disability benefits often suffer from painful and debilitating conditions, as well as severe economic hardship. Delaying the payment of benefits by requiring

multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage — financial, medical, and emotional. Such damage can never be remedied. Without endangering the integrity of the disability determination process, a principal goal of that process must be the speedy resolution of disability applicants' claims.

*Garrison v. Colvin*, 759 F.3d 995, 1019-20 (9th Cir. 2014).

As such, this Court remands the case for an immediate calculation of benefits.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for an immediate calculation of benefits.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 2, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE